**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

FILED —— ENTERED
LODGED —— RECEIVED

DEC 3 1 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ——— DEPUTY

|  |  |
|---|---|
| **ALEXANDER VILLARROEL**, *et al.* | * |
|  | * |
| **Plaintiffs,** | * |
| **v.** | **Case No.: GJH-14-02617** |
|  | * |
| **SRI SIVA VISHNU TEMPLE**, *et al.* | * |
|  | * |
| **Defendants.** | * |
|  | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OPINION

Plaintiffs Alexander Villarroel, Gorgonio Miguel Velazquez, Xavier Cabrerra, Marino Gonzales Dias, and Gudiel Rodrigues Aguilar filed this action against their former employers Sri Siva Vishnu Temple, Moffett Contracting, LLC, and John C. Moffett, seeking damages and other relief for Defendants' alleged failure to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 1. Defendants answered the Complaint, and the parties jointly requested a stay to engage in meaningful settlement efforts in October 2014. ECF Nos. 13, 16, & 21.

The parties now jointly move for approval of a settlement agreement and dismissal of the action with prejudice. ECF No. 29. The Court has reviewed the Complaint, the Answers filed by Defendants, the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice, and the Settlement Agreement and Mutual General Release. ECF Nos. 1, 13, 16, 29, & 29-1. For the reasons explained below, the Court finds that a *bona fide* dispute exists regarding liability under the FLSA, the settlement agreement is a fair and reasonable

compromise of the dispute, and the attorney's fees are reasonable. *See Leigh v. Bottling Group, LLC*, DKC-10-0218, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I.  FACTUAL BACKGROUND

According to Plaintiffs, Defendant Sri Siva Vishni Temple ("Temple") hired each Plaintiff to work in different areas of the Temple from, at least, July 2011 through March 31, 2014. ECF No. 1 at 2. Plaintiffs also allege that from July 2011 through December 2012, Defendant Temple and Defendants Moffett Contracting, Inc. and John C. Moffett jointly employed Plaintiffs. *Id.* at 2–3. Plaintiffs' duties included washing and cutting fruits and vegetables, cooking rice and legumes, cleaning dishes, and performing general maintenance. *Id.* Plaintiffs contend that from July 2011 through March 31, 2014, they worked in excess of forty hours each week but were not paid one and one half their hourly rate for those excess hours as required by law. *Id.*

## II. DISCUSSION

### A.  FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478. (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted

"to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, PWG-13-3496, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at *2 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (*citing Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernofff, Inc.*, 1:08cv1310, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, a review of the filings demonstrates that while Plaintiffs contend they are entitled to wages, overtime, and liquidated damages in the aggregate amount of $91,467.00, Defendants argue that Plaintiffs are owed no more than $13,874.00. ECF No. 29 at 2–3. The difference in these calculations is primarily attributable to the parties' *bona fide* dispute over the willfulness of any violation and the resulting impact on liquidated damages and the applicable statute of limitations. *Id.* Thus, a *bona fide* dispute exists regarding liability under the FLSA.

### C.  Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the

Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have not exchanged formal discovery,

but have informally exchanged wage and hour calculations, cancelled checks, timesheets, and

attorney billing statements. ECF No. 29-1 at 8. Given the current stage of the litigation,

significant expenses would be incurred if the parties engaged in formal discovery, dispositive

motions, and possibly trial. *See, e.g., Saman v. LBDP*, DKC-12-1083, 2013 WL 2949047 at *3

(D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or

collusion in the settlement, and counsels' filings demonstrate their competence and experience.

*See* ECF No. 29 at 3 ("The attached settlement agreement was made after significant

negotiations between the parties. Further, Plaintiffs have been represented by able counsel who is

familiar with such litigation."). Finally, the settlement agreement entitles Plaintiffs to

$68,511.00. *See* ECF No. 29 at 2. This figure represents approximately 75% of Plaintiffs'

potential recovery, which Plaintiffs estimate to be $91,467.00. *See Id.* As was the case in *Saman*,

"[i]n light of the risks and costs associated with proceeding further and Defendants' potentially

viable defenses, this amount appears to reflect a reasonable compromise over issues actually in

dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted).

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $68,511.00 is reasonable for the release executed. *Cf. id.* (". . . Duprey was compensated for almost eighty percent of his back pay when calculated using the fluctuating workweek method, plus an additional $2,250 in liquidated damages. This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (*citing Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Local Rules, App. B.

Here, Plaintiffs were originally represented by Daniel Katz and Laura Varela-Addeo of the Law Offices of Gary M. Gilbert & Associates, P.C., but have been represented by Ken C. Gauvey since October 30, 2014. *Id.* Plaintiffs' former attorneys spent approximately 157 hours on this case, at various rates but never more than $450.00 an hour, resulting in $40,534.00 in legal fees. ECF No. 29-2 at 3–23. Mr. Gauvey spent approximately 28 hours on this case, at the rate of $250.00 an hour, resulting in $7,000.00 in legal fees. *Id.* at 2. Notwithstanding these

totals, the parties have negotiated a separate settlement of $20,000.00 for attorney's fees to be split such that Katz and Varela-Addeo receive $15,000.00 and Gauvey receives $5,000. *See* ECF No. 29 at 3. Thus, it appears that as part of the negotiations in this case, the attorneys have agreed to a discounted rate. In light of the facts of this case and the disputes explained above, the Court finds this sum to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice, ECF No. 29, is GRANTED.

A separate Order shall issue.

Dated: <u>December 31, 2014</u>

GEORGE J. HAZEL
United States District Judge